J-S18011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE DANIEL PIZARRO | : | |
| | : | |
| Appellant | : | No. 1478 MDA 2025 |

Appeal from the Judgment of Sentence Entered July 21, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002652-2024

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED: JUNE 5, 2026**

Appellant, Jose Daniel Pizarro, appeals from the July 21, 2025 judgment of sentence of life without parole entered in the Berks County Court of Common Pleas following his conviction by a jury of, *inter alia*, First-Degree Murder.  Appellant challenges the weight and sufficiency of the evidence and an evidentiary ruling made by the trial court.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  In the early morning of October 16, 2022, Antonio Dennard ("Victim") and his long-term girlfriend, Tavia Cannon, left Legends nightclub and Cannon waited in the driver's seat of the couple's SUV while Victim lagged behind.  Appellant, who was also leaving the nightclub with his friend, Michael Reedy, approached the SUV and began talking to Cannon.

While Appellant was still at the SUV's window, Victim approached and confronted Appellant because Victim was upset that Appellant was speaking

to his girlfriend. Appellant then pulled out a gun and pointed it at Victim, telling Victim to back up. Victim told Cannon to get his gun and Victim reached toward the driver's seat. Appellant then shot Victim twice and fled with Reedy. Victim was able to enter the passenger side of the vehicle and Cannon transported Victim to the hospital, where he died from his injuries. The Commonwealth charged Appellant in connection with this incident.

Relevant to Appellant's claim of self-defense on appeal, police recovered two spent .380 caliber rounds fired by Appellant and one unspent live .40 caliber round matching one of Victim's firearms at the scene. The location of the cartridge matching Victim's firearm was consistent with an individual positioned at or near the passenger side of the SUV when the cartridge was ejected. The Commonwealth's theory of the case, consistent with the physical evidence on the scene and Reedy and Cannon's testimony, was that Appellant had shot the unarmed Victim at the driver's side of the car and that Victim did not possess or rack his own firearm until Victim entered the passenger side of the vehicle after being shot.

On April 9, 2025, Appellant filed a motion *in limine* seeking to, *inter alia*, preclude the Commonwealth from introducing evidence that Appellant had used illicit drugs earlier in the night prior to the shooting. The Commonwealth filed its own motion *in limine* to admit the same, arguing that Appellant's drug use on the night of the shooting was relevant to his recollection of events.

On April 14, 2025, the case proceeded to a jury trial. The Commonwealth presented testimony from, *inter alia*: Cannon; Detective

Nicholas Scianna, qualified as an expert in firearm examination and tool marking; Reedy; and Sierra Nikole Bomgardner, Appellant's girlfriend at the time of the incident. Appellant testified on his own behalf.

Cannon testified, in relevant part, that Victim was licensed to carry and had firearms in his vehicle, but that Victim did not have the gun on his person at the time of the altercation. Detective Scianna testified that the unspent .40 caliber cartridge at the scene that matched Victim's firearm had been cycled through the action of Victim's firearm and ejected. Detective Scianna indicated that the location of the cartridge was consistent with an individual positioned at or near the passenger side of the SUV when the cartridge was ejected.

Reedy testified, *inter alia*, that he had ingested cocaine and alcohol on the night of the shooting. He testified that Appellant and Victim engaged in a verbal altercation, and that as Victim was reaching into the driver's side of the vehicle, Reedy heard two gunshots. Reedy testified that he did not see a gun in Victim's hand at any point during the altercation.

Relevant to this appeal, Bomgardner testified that Appellant had ingested cocaine prior to leaving for Legends nightclub.

Appellant testified in his own defense. He acknowledged that he had ingested cocaine and alcohol on the night of the shooting. Appellant asserted that he had shot Victim in self-defense because Victim had a firearm, had chambered a round, and was raising the gun at the point that Appellant pulled his own firearm out and shot Victim. Appellant testified that he could not

leave or stop the confrontation because Victim had Appellant pushed back such that Appellant could not get to his car.

At the conclusion of trial, the jury convicted Appellant of First-Degree Murder, two counts of Aggravated Assault, and Possessing Instruments of Crime.[1] The court sentenced Appellant to life without the possibility of parole, followed by a consecutive 6½ to 15 years of incarceration.

On July 29, 2025, Appellant filed a post-sentence motion challenging the weight of the evidence, which the court denied on September 29, 2025.

This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the trial court erred in denying the [p]ost [s]entence [m]otion challenging the weight of the evidence where it was clear from the record that the verdict issued was rendered unreliable, tainted, questionable, and contrary to the weight of the evidence by the trial testimony of [] Cannon, where her testimony was replete with inconsistencies, lies, half-truths, contrary to the physical evidence presented at trial, and utterly without support or proof to such an extent as to render the entirety of her testimony incredible?

2. Whether the trial court erred in denying the [m]otion in [l]imine to preclude the Commonwealth from introducing evidence of [A]ppellant using a controlled substance, namely cocaine, on the night of the incident where this evidence amounted to prior bad acts by [A]ppellant and had no probative value and had an effect of prejudicing the jury against [Appellant?]

_____

[1] 18 Pa.C.S. §§ 2502(a), 2702(a)(1) and (a)(4), and 907(a), respectively. The trial court also found Appellant guilty of Persons Not to Possess Firearms, 18 Pa.C.S. § 6105(a)(1).

3. Whether the Commonwealth established sufficient evidence to overcome Appellant's claim of self-defense where the Commonwealth's own evidence showed that [V]ictim had a firearm and manipulated the loading mechanism of the firearm in such a way that caused a bullet to be cycled through the chamber, which was found on the ground next to the scene of the shooting, and presented no evidence to overcome Appellant's assertion that he only fired after [V]ictim produced his firearm and put Appellant in fear for his life?

Appellant's Br. at 8.

**A.**

In Appellant's first issue, he argues that the trial court erred in denying his post-sentence motion challenging the weight of the evidence. *Id.* at 17-21. Appellant asserts that Cannon's testimony "was a clear attempt to sanitize [Victim's] actions that night and to make it appear that [A]ppellant killed him for no reason[,]" and that Appellant and Reedy's testimony "contradicted [] Cannon's account[.]" *Id.* at 19. Appellant takes issue with Cannon's testimony that Victim did not have his gun on him, asserting that this testimony was "entirely contradicted by the physical evidence at the scene." *Id.* at 20. Appellant also generally claims that Canon's "recollection of events [was] tainted by the consumption of alcohol" and that her "version of events is wrong." *Id.* at 21.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). "Resolving

contradictory testimony and questions of credibility are matters for the fact[ ]finder." **Commonwealth v. Hopkins**, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. **Talbert**, 129 A.3d at 546.

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." **Commonwealth v. Thompson**, 106 A.3d 742, 758 (Pa. Super. 2014) (citation omitted). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. **Commonwealth v. Widmer**, 744 A.2d 745, 751 n.3 (Pa. 2000).

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. **Talbert**, 129 A.3d at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." **Id.** at 546 (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the

verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.* (citation omitted).

Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." *Id.* (citation and internal quotation marks omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted). Importantly, "inconsistencies in eyewitness testimony are not sufficient to warrant a new trial on grounds that the verdict was against the weight of the evidence." *Commonwealth v. Jacoby*, 170 A.3d 1065, 1081 (Pa. Super. 2017).

In explaining its reasons for denying Appellant's post-sentence motion raising his challenge to the weight of the evidence, the trial court disagreed with Appellant's characterization of Cannon's testimony, and explained that it "presided over the trial and was able to view all of the evidence presented, as well as the demeanor of the jury throughout the trial." Trial Ct. Op., 12/19/25, at 18. The trial court also concluded that "the jury's verdict did not shock the conscience of the court." *Id.*

Following our review, we find no abuse of discretion in the trial court's determination that the verdict was not against the weight of the evidence. Appellant essentially asks us to reweigh the evidence and usurp the authority of the jury to determine the credibility of the witnesses. We cannot and will

not do so. The jury was free to credit Cannon's account of the shooting over that of Appellant, and to resolve any minor inconsistencies in her testimony in the Commonwealth's favor. Our review of the record shows that the evidence is not so tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence, as to shock the conscience of the court. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

**B.**

Appellant next asserts that the trial court erred in denying his motion *in limine* which sought to preclude the Commonwealth from presenting testimony or evidence that Appellant was using controlled substances on the night of the shooting. Appellant's Br. at 22-24. Appellant argues that this evidence was "not used for any of the enumerated reasons under Pa.R.E. 404(b)" and, instead, only served to prejudice the jury by characterizing Appellant as a "bad person or someone who is of a criminal element." *Id.* at 23. Appellant asserts that "[w]hether or not [A]ppellant used cocaine several hours prior to the shooting had no bearing on the question of whether or not [A]ppellant shot and killed [Victim]." *Id.*

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (*en banc*) (citation omitted). "Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest

unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." ***Commonwealth v. Huggins***, 68 A.3d 962, 966 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Relevant evidence is generally admissible, while evidence that is not relevant is not admissible. Pa.R.E. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ***Id.*** at 401. Although relevant, evidence may be excluded if, *inter alia*, its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Pa.R.E. 403. The term "unfair prejudice" means "a tendency to suggest [a] decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." ***Commonwealth v. Dillon***, 925 A.2d 131, 141 (Pa. 2007) (citation omitted).

Pennsylvania Rule of Evidence 404(b) prohibits evidence of a defendant's prior bad acts "to prove a person's character" or demonstrate "that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). Nevertheless, the Rule also provides that prior bad acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." ***Id.*** at 404(b)(2).

Thus, under Rule 404(b) evidence of prior bad acts "is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to

commit crimes," but "may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Tyson*, 119 A.3d at 358 (citations omitted). Specifically, such evidence is admissible "if offered for a non-propensity purpose[.]" *Id.*

"Our Supreme Court has consistently held that intoxication on the part of a witness at the time of an occurrence about which he has testified is a proper matter for the jury's consideration." *Commonwealth v. Williams*, 91 A.3d 240, 242-43 (Pa. Super. 2014) (citations and internal quotation marks omitted). That is because "[a]ny deficiency of the senses, [] which would substantially lessen the ability to perceive the facts which the witness purports to have observed, should of course be provable to attack the credibility of the witness, either upon cross-examination or by producing other witnesses to prove the defect[.]" *Id.* at 243 (citations omitted).

The trial court found the evidence of Appellant's drug use to be more probative than prejudicial, explaining that:

> To be sure, such evidence is naturally prejudicial[,] but the mere fact of such prejudice is insufficient to preclude its use when relevant. This [c]ourt specified that, like alcohol, cocaine use is considered in this Commonwealth to be so debilitating to an individual's judgment as to require a prohibition against driving while under its influence. Clearly, we reasoned, such an impediment to Appellant's judgment and recall of the events is of probative value to the jury's determination of credibility and its own allocation of weight to the testimony presented.

Trial Ct. Op. at 20.

Based on our review of the record, we conclude that the trial court did not abuse its discretion in allowing the Commonwealth to present evidence of Appellant's drug use on the night of the shooting. Here, Appellant testified in his own defense at trial, opening the door for the Commonwealth to use evidence of his intoxication to attack his credibility and recollection of events. *See Williams*, 91 A.3d at 242. We agree with the trial court that the testimony that Appellant had used cocaine on the night of the shooting was probative and relevant to the jury's evaluation of Appellant's judgment and recall of events, and that this probative value outweighed any potential prejudice. Appellant's second issue, therefore, fails to merit relief.

## C.

Appellant next challenges the sufficiency of the Commonwealth's evidence, arguing that the Commonwealth presented insufficient evidence to disprove that Appellant acted in self-defense. Appellant's Br. at 24-28. Appellant argues that Appellant's testimony at trial and the presence of the live round at the scene matching Victim's gun "shows that [Victim] had a gun in his hand and pulled back the slide of the gun[.]" *Id.* at 25. He again asserts that Cannon's testimony was "false" and "should be disregarded[.]" *Id.* at 26.

"We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[ ]finder to find every element of the crime beyond a reasonable doubt."

- 11 -

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citation and internal quotation marks omitted). In conducting this review, the appellate court may not weigh the evidence and substitute its own judgment for that of the fact finder, which is free to believe all, part, or none of the evidence. *Id.* A sufficiency of the evidence challenge contests whether the record supports the verdict, not whether the record supports the defendant's contentions. *Commonwealth v. Sinnott*, 30 A.3d 1105, 1110 (Pa. 2011).

When a defendant employs deadly force, the elements of a claim of self-defense are that the defendant: (1) reasonably believed that force was necessary to protect himself against death or serious bodily injury; (2) was free from fault in provoking the use of force against him; and (3) did not violate any duty to retreat. *Commonwealth v. Mouzon*, 53 A.3d 738, 740 (Pa. 2012); *see also* 18 Pa.C.S § 505(b)(2) (pertaining to use of deadly force in self-protection). A defendant does not have a burden to prove a claim of self-defense. *Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001). Once a defendant introduces "some evidence" to justify a finding of self-defense, the issue is properly before the fact finder, and the Commonwealth bears the burden to disprove the defense beyond a reasonable doubt. *Id.* The Commonwealth can satisfy this burden by disproving any of the elements of self-defense. *Mouzon*, 53 A.3d at 740-41.

The trial court found that:

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the Commonwealth's evidence presented, though disputed by Appellant, is sufficient to

demonstrate that Appellant's path of retreat was not restricted as he testified. . . . Cannon testified that she saw Appellant draw his firearm first. Reedy testified that he heard the two quick shots as [Victim] was reaching into the SUV. This evidence is sufficient to demonstrate that Appellant was the aggressor in drawing his weapon and brandishing it to [Victim] prior to his reaching for his own weapon in the SUV. As such, Appellant's claim that the Commonwealth failed to present sufficient evidence to rebut the claim of self-defense is without merit.

Trial Ct. Op. at 22-23.

Our review of the record reveals that there was sufficient evidence that Appellant, despite his self-serving testimony to the contrary, shot Victim without any reasonable belief that he was in imminent danger of death or serious bodily injury that necessitated the use of force. The Commonwealth's theory of the case at trial, consistent with the physical evidence on the scene, was that Victim did not possess or rack his firearm until he entered the passenger side of the vehicle after being shot. The Commonwealth presented testimony from Cannon and Reedy that Victim did not possess or use a firearm at the time of the altercation, and the jury was free to credit their testimony over that of Appellant and conclude that Appellant did not reasonably believe that he was in imminent danger of death or serious bodily injury. The Commonwealth, thus, presented sufficient evidence to disprove Appellant's assertion of self-defense and Appellant's final issue fails to garner relief.

Having determined that none of Appellant's issues raised in this appeal have merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/05/2026